# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1473V
UNPUBLISHED

| | |
|---|---|
| JULIE ROUBIK, personal representative of ESTATE OF THOMAS ROUBIK,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: April 16, 2021<br><br>Special Processing Unit (SPU); Ruling on Entitlement; Concession; Table Injury; Influenza (Flu) Vaccine; Guillain-Barre Syndrome (GBS) |

*Nancy Routh Meyers*, Turning Point Litigation, Greensboro, NC, *for petitioner*.

*Lauren Kells*, U.S. Department of Justice, Washington, DC, *for respondent*.

### RULING ON ENTITLEMENT[1]

      On October 27, 2020, Julie Roubik filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"), as personal representative of the estate of Thomas Roubik. Petitioner alleges that "[a]s a direct and proximate result of the reaction to the influenza vaccination administered to Thomas Roubik on November 8, 2019, he suffered from the effects of Guillain-Barré Syndrome (GBS) which ultimately lead to his untimely death." Petition at ¶ 16. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On April 16, 2021, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, Respondent agrees "that [P]etitioner has satisfied the criteria set forth in the Vaccine Injury Table ("Table") and the Qualifications and Aids to Interpretation ("QAI")." *Id.* at 4. Respondent further agrees that "based on the medical records outlined above, a preponderance of evidence establishes that [P]etitioner has met the statutory severity requirement in that Mr. Roubik's death was related to his GBS." *Id.*

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master
