| | |
|---|---|
| JULIE ROUBIK, personal representative of ESTATE OF THOMAS ROUBIK,<br><br>          Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>          Respondent. | Chief Special Master Corcoran<br><br>Filed: May 21, 2021<br><br>Special Processing Unit (SPU); Damages Decision Based on Proffer; Influenza (Flu) Vaccine; Guillain-Barre Syndrome (GBS) |

*Nancy Routh Meyers*, Turning Point Litigation, Greensboro, NC, for Petitioner.

*Lauren Kells*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On October 27, 2020, Julie Roubik filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"), as personal representative of the estate of Thomas Roubik. Petitioner alleged that "[a]s a direct and proximate result of the reaction to the influenza vaccination administered to Thomas Roubik on November 8, 2019, he suffered from the effects of Guillain-Barré Syndrome (GBS) which ultimately lead to his untimely death." Petition at ¶ 16. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On April 16, 2021, a ruling on entitlement was issued, finding Petitioner entitled to compensation for Thomas Roubik's injury. On May 21, 2021, Respondent filed a proffer

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

on award of compensation ("Proffer") indicating Petitioner should be awarded $328,212.87, representing compensation in the amounts of $250,000.00 for the death benefit, $77,500.00 for pain and suffering, and $712.87 for unreimbursed expenses. Proffer at 1-2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* at 2. Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $328,212.87, representing compensation in the amounts of $250,000.00 for the death benefit, $77,500.00 for pain and suffering, and $712.87 for unreimbursed expenses in the form of a check payable to Petitioner, as the legal representative of Thomas Roubik's estate.[3]** This amount represents compensation for all damages that would be available under Section 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

> **s/Brian H. Corcoran**
> Brian H. Corcoran
> Chief Special Master

---

[3] The Proffer indicates that Petitioner will provide documentation showing her appointment as the legal representative of Thomas Roubik's estate before any payment is made. Proffer at 2 n.1. Additionally, if another individual is appointed as the legal representative, payment will be made to that individual. *Id.*

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| JULIE ROUBIK, PERSONAL REPRESENTATIVE OF THE ESTATE OF THOMAS ROUBIK, <br><br> Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | No. 20-1473V <br> Chief Special Master Corcoran <br> ECF |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On October 27, 2020, Julie Roubik ("petitioner"), personal representative of the estate of Thomas Roubik ("decedent"), filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that the decedent suffered Guillain-Barré syndrome ("GBS"), as defined in the Vaccine Injury Table, following administration of an influenza vaccine he received on November 8, 2019; petitioner further alleged that the decedent passed away due to complications of GBS on January 11, 2020. *See generally* Petition. On April 16, 2021, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act for a GBS Table injury, and the same day, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation. ECF Nos. 15, 16.

### I. Items of Compensation

Based upon the evidence, respondent proffers that petitioner should be awarded a lump sum of $328,212.87 ($250,000.00 for the death benefit; $77,500.00 for pain and suffering; and

$712.87 for unreimbursed expenses). This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

## II. Form of the Award

Respondent recommends that compensation be awarded to petitioner in the amount of $328,212.87, in the form of a check payable to petitioner, as the legal representative of the decedent's estate.[1] Petitioner agrees.

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Acting Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

*/s/ Lauren Kells*
LAUREN KELLS
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel.: (202) 616-4187
Email: Lauren.Kells@usdoj.gov

---

[1] Before payment on a judgment can be made in this case, respondent will require petitioner to provide documentation establishing her appointment as legal representatives of the decedent's estate. If petitioner is not authorized by a court of competent jurisdiction to serve as the legal representative of the decedent's estate, then such payment on any judgment shall be made to the party or parties appointed by a court of competent jurisdiction to serve as legal representative of the decedent's estate.

DATED: May 21, 2021