# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1473V
(not to be published)

| | |
|---|---|
| JULIE ROUBIK, personal representative of the ESTATE OF THOMAS ROUBIK,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: September 17, 2021<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

*Nancy Routh Meyers*, Turning Point Litigation, Greensboro, NC, for Petitioner.

*Lauren Kells*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On October 27, 2020, Julie Roubik filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"), as personal representative of the estate of Thomas Roubik. Petitioner alleged that "[a]s a direct and proximate result of the reaction to the influenza vaccination administered to Thomas Roubik on November 8, 2019, he suffered from the effects of

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Guillain-Barré Syndrome which ultimately led to his untimely death." (Petition at ¶ 16). On May 21, 2021, a decision was issued awarding compensation to Petitioner based on the Respondent's proffer. (ECF No. 21).

Petitioner has now filed a motion for attorney's fees and costs, dated August 24, 2021 (ECF No. 26), requesting an award of $10,601.43 in fees and costs incurred at Turning Point Litigation and $720.00 in attorney fees incurred at Ward Black Law[3]. In accordance with General Order No. 9, Petitioner filed a signed statement indicating that Petitioner incurred out-of-pocket expenses in the amount of $4,069.05. (ECF No. 26-3). Respondent reacted to the motion on September 7, 2021, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. (ECF No. 27). On September 7, 2021, Petitioner filed a reply concurring with Respondent's response. (ECF No. 28).

I have reviewed the billing records submitted with Petitioner's request. In my experience, the request appears reasonable, and I find no cause to reduce the requested hours or rates.

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). **Accordingly, Petitioner is awarded the total amount of $15,390.48[4] as follows**:

- **A lump sum of $11,321.43, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel;**

- **A lump sum of $4,069.05, representing reimbursement for Petitioner's costs, in the form of a check payable to Julie Roubik, Personal Representative of the Estate of Thomas Roubik.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[5]

---

[3] Petitioner requests the total amount of attorney fees be made payable to Turning Point Litigation, which will disburse the incurred amount to Ward Black Law. (ECF No. 28 at 1).

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**IT IS SO ORDERED.**

          **<u>s/Brian H. Corcoran</u>**
          Brian H. Corcoran
          Chief Special Master