# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 20-1473V
(not to be published)

| | |
|---|---|
| JULIE ROUBIK, personal representative of the ESTATE OF THOMAS ROUBIK,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: November 12, 2021<br><br>Special Processing Unit (SPU); Mathematical Error; Post Judgment Relief; Attorney's Fees and Costs |

*Nancy Routh Meyers*, Turning Point Litigation, Greensboro, NC, for Petitioner.

*Lauren Kells*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On October 27, 2020, Julie Roubik filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"), as personal representative of the estate of Thomas Roubik. Petitioner alleged that "[a]s a direct and proximate result of the reaction to the influenza vaccination administered to Thomas Roubik on November 8, 2019, he suffered from the effects of Guillain-Barré Syndrome which ultimately led to his untimely death." (Petition at ¶ 16). On May 21, 2021, a decision was issued awarding compensation to Petitioner

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

based on the Respondent's proffer. (ECF No. 21). On September 17, 2021, I awarded Petitioner $11,321.43 in attorney's fees and costs and $4,069.05 representing reimbursement for Petitioner's costs, in the form of a check payable to Julie Roubik, Personal Representative of the Estate of Thomas Roubik. (ECF No. 29).

On November 10, 2021, counsel for Petitioner notified the staff attorney managing the case of a mistaken overpayment of $720.00 in attorney's fees and costs and steps needed to amend the decision and judgement. *See Informal Remark,* November 12, 2021. For the reasons stated below, I hereby grant Petitioner's motion, amending the prior judgment to account for this overpayment by refunding the additional $720.00 in attorney's fees and costs to Respondent.

## I. Petitioner's Motion for Post-Judgment Relief

Petitioner requested a correction of the Decision and Judgement due to an overpayment of $720.00. *See Informal Remark,* November 12, 2021. The motion for attorney's fees and costs incorrectly listed the subtotals incurred by counsel as an award of $10,601.43 in fees and costs incurred at Turning Point Litigation and $720.00 in attorney fees incurred at Ward Black Law. (ECF No. 29). The correct subtotals of attorney fees and costs should have $9,881.43 incurred by Turning Point Litigation and $720.00 incurred by Ward Black Law. The incorrect total was included in the Fee Decision issued on September 17, 2021 and the Judgment entered on September 20, 2021. (ECF Nos. 29, 31).

Petitioner included Respondent on all correspondence regarding this matter. *See Informal Remark,* November 12, 2021.

## II. Legal Standard

Vaccine Rule 36(a) allows a party to obtain relief from judgment in two ways: either by filing a motion for reconsideration pursuant to RCFC 59, or by seeking relief from judgment pursuant to RCFC 60. If the case was assigned to a judge for review, the motion will be referred to the same judge. Vaccine Rule 36(a)(1). Otherwise, the motion will be referred to the special master assigned to the case. Vaccine Rule 36(a)(2).[3]

In determining whether a judgment should be set aside or altered, "the need for finality of judgments" must be balanced against "the importance of ensuring that

---

[3] This sharing of authority over judgments between judge and special master was determined to be appropriate, since Vaccine Rule 36 allows for immediate review of the special master's ruling. *Vessels v. Sec'y of Health & Human Servs.*, 65 Fed. Cl. 563, 568 (2005).

litigants have a full and fair opportunity to litigate." *Kennedy v. Sec'y of Health & Hum. Servs.*, 99 Fed. Cl. 535, 539 (2011) (citing *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 276 (2010); *see also Bridgham by Libby v. Sec'y of Health & Hum. Servs.*, 33 Fed. Cl. 101, 104 (1995) (discussing the "tension between the goals of ensuring that the court's judgment appropriately reflects the adjudication of the parties' rights and of providing the parties with certainty as to those rights").

Pursuant to RCFC 60(a), a court may correct "[c]lerical mistakes in judgments, orders, or other parts of the record" at any time. Additionally, a party may request relief from final judgment for the specific reasons listed in RCFC 60(b)(1)-(5) or the "catch all" provision at RCFC 60(b)(6). Similar to RCFC 60(a), RCFC 60(b)(1) allows post judgment relief for "mistake, inadvertence, surprise, or excusable neglect." I have previously discussed the differences between RCFC 60(a) and RCFC 60(b)(1) in *Williamsen v. Sec'y of Health & Human Servs.,* No. 10-0223V, 2014 WL 1388894 (Fed. Cl. Spec. Mstr. Feb. 5, 2014).

### III.   Appropriate Amount of Fees Awarded

Petitioner is seeking post-judgment relief pursuant to RCFC 60(a). I agree that RCFC 60(a) is the subsection most applicable to the circumstances in this case, and that the error previously made in the Fee Decision and Judgment should be corrected.

Accordingly, I **GRANT** Petitioner's request and direct the Clerk of Court to issue judgment in favor of Respondent to include the following information:

A lump sum payment of $**720.00** to reimburse Respondent for the mistaken overpayment. The check should be made payable to:

**U.S. Department of Health and Human Services Memo: JULIE ROUBIK, personal representative of THE ESTATE OF THOMAS ROUBIK, Case No. 20-1473V**

The check should be sent to:

**Ms. Cheryl Lee
Division of Vaccine Injury
Compensation/HRSA 5600 Fishers Lane, Mail Stop 08N194B Rockville, MD 20857**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.